IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOROTHY LEE, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:13-cv-00950 -DRH-DGW |
| | ) |
| vs. | ) |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

This cause comes before the Court on the stipulation of the parties hereto. The Court, being in all respects fully advised in the premises, finds as follows:

1. The parties, Dorothy Lee ("Plaintiff") and Charter Communications, Inc. ("Charter"), have served requests for production requesting the production of certain documents, including medical records, which may contain information that is personal and confidential. Further disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. The parties, by signature of their counsel on this Stipulated Protective Order, have agreed to ensure and maintain the confidentiality of any information contained in the Confidential Information (as defined below) and to use such information solely for purposes of this litigation. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

1

under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Federal Rule of Civil Procedure 5.2, Local Rule 5.1, and Amended Administrative Order 107 set forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

IT IS THEREFORE ORDERED as follows:

A. Pursuant to agreement of the Plaintiff and Defendant, a protective order shall and is hereby entered with respect to any and all "Confidential Information." "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) medical information concerning any individual; (d) personal identifiers as set forth in Local Rule 5.1(d); (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records. Furthermore, all of Plaintiff's medical records obtained directly by Charter shall be deemed "CONFIDENTIAL." Information or documents that are available to the public may not be designated as Confidential Information.

B. Access to the Confidential Information shall be limited to: (1) any party; (2) counsel for the parties who are directly responsible for preparation and trial of this case; (3) employees of counsel who are directly assisting in such preparation; and (4) consultant and expert witnesses retained by or on behalf of either of the parties to assist in such preparation (an "Expert"). Prior to disclosure to any Expert, counsel for Charter shall inform the Expert of this Order and secure his agreement to be bound by it.

C.  No one referred to in paragraph A shall disclose the Confidential Information, in whole or in part, to anyone else without prior consent of the producing party or further order of Court after notice to such party and a reasonable opportunity to be heard.

D.  The Confidential Information may be used solely for purposes of this case.

E.  The Confidential Information shall be placed and kept only in secure areas, so as to prevent inadvertent or unauthorized access.

F.  The parties and their counsel shall cause the Confidential Information to be returned to the producing party promptly upon the conclusion of the case, together with all copies thereof and all abstracts, summaries or memoranda with information contained in the Confidential Information or cause the Confidential Information to be destroyed.

**Dated: May 14, 2015.**

*/s/ Donald G. Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**

APPROVED AS TO SUBSTANCE AND FORM:

| GOLDENBERG HELLER ANTOGNOLI & ROWLAND, P.C. | PITZER SNODGRASS, P.C. |
|---|---|
| By: /s/ Kevin P. Green<br>Mark C. Goldenberg #00990221<br>Kevin P. Green #6299905<br>2227 South State Route 157<br>Edwardsville, IL 62025<br>Telephone: 618.656.5150<br>Facsimile: 618.656.6230<br>Email: mark@ghalaw.com<br>kevin@ghalaw.com | By: /s/Aahren Rodriguez DePalma<br>William S. Thomas #6227180<br>Aahren Rodriguez DePalma #6314664<br>100 South Fourth Street, Suite 400<br>St. Louis, Missouri 63102-1821<br>Telephone: 314.421.5545<br>Facsimile: 314.421.3144<br>Email: Thomas@pspclaw.com<br>depalma@pspclaw.com |
| *Attorneys for Plaintiff Dorothy Lee* | *Attorneys for Defendant Charter Communications, Inc.* |